UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FABIAN MARTINEZ | § | |
| | § | CIVIL ACTION NO. 7:13-CV-417 |
| | § | |
| VS. | § | CRIM. ACTION NO. 7:11-CR-855-1 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION

Movant Fabian Martinez, a federal prisoner proceeding pro se, initiated this action pursuant to 28 U.S.C. § 2255 by filing a Motion to Vacate, Set Aside, or Correct Sentence. (Docket No. 1.)[1] In March 2012—well over one year before he filed this action—Movant was sentenced to 72 months' imprisonment after he pleaded guilty to being a felon in possession of a firearm. His sentence took into account his criminal history, which included a prior federal felony drug conviction. It also reflected a four-level enhancement under the Sentencing Guidelines based on the Court's finding that Movant possessed a sawed-off shotgun in connection with another felony offense—specifically, selling crack cocaine from his home.

In his § 2255 motion, Movant asserts four grounds for relief, all of which address the four-level sentencing enhancement. (Docket No. 1, ¶ 16.) He also argues in a memorandum that he is entitled to relief based on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (*See* Docket No. 2.) Respondent United States has filed a motion to dismiss, arguing that Movant's motion is time-barred and that his claims otherwise lack merit. (Docket No. 8.)

After carefully considering Movant's § 2255 motion, the record of Movant's criminal case, and the applicable law, the undersigned concludes that Movant's § 2255 motion should be

---

[1] Docket entry references are to the civil action, unless otherwise noted.

denied. As explained further below, Movant did not file his § 2255 motion until after the applicable one-year limitations period expired, and the circumstances here do not qualify for statutory or equitable tolling. In addition, his claim based on *Alleyne v. United States* should be rejected because it is also untimely and would lack merit in any event. Accordingly, it is recommended that the District Court grant Respondent's motion to dismiss, deny Movant's § 2255 motion, and dismiss this action.

## I. BACKGROUND

**A.     The Underlying Criminal Charge**[2]

On April 28, 2011, U.S. Marshals Service deputies and Hidalgo County High Intensity Drug Trafficking Area Task Force officers served a federal arrest warrant at Movant's home. Movant had been a fugitive since 2006, when an arrest warrant had been issued based on his violations of the conditions of his federal supervised release. Task force officers had received information that Movant was selling crack cocaine from the home, and they knew from surveillance that Movant was present. Movant was found in the home and arrested.

A search of the residence revealed 4.1 grams of crack cocaine and 0.2 pounds of marijuana in plain view throughout the residence. The agents also discovered a loaded 12-gauge shotgun hidden under the cushions of the living room couch. After questioning, Movant admitted that the shotgun was his and that he had it in the home for protection. He also stated that he sawed off the barrel to a length of 16 inches in order to better conceal it. He further admitted to using and making crack cocaine in the home, but he denied that he sells narcotics.

---

[2] The facts in the next two sections are drawn principally from Movant's Presentence Investigation Report (PSR). (Cr. Docket No. 33.) The PSR contains a detailed description of the facts relevant to the underlying criminal charge.

Movant's wife, Crystal Vasquez, who was found in the home at the time of Movant's arrest, also gave a statement to the agents.  She stated that Movant started making and selling crack cocaine because he could not find legitimate employment due to his criminal record.  She also confirmed that the shotgun found in the residence belonged to Movant.

Movant had been previously convicted of possession with intent to distribute 271 kilograms of marijuana and theft of property.  As a result of these felony convictions, Movant was prohibited from possessing firearms or ammunition.

**B.     Criminal Proceedings**

On May 31, 2011, a single count indictment was filed in the Southern District of Texas, McAllen Division, charging Movant with being a felon illegally or unlawfully in possession of a firearm in and affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Movant later pleaded guilty to the indictment pursuant to a plea agreement.  In exchange for Movant's guilty plea, the Government agreed to recommend that Movant receive a two-level sentencing decrease for acceptance of responsibility.  (Cr. Docket No. 23.)  After accepting Movant's guilty plea, the District Court ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

The PSR calculated Movant's base offense level at 22.  His base offense level was enhanced four levels to level 26 because it was determined that Movant used or possessed the 12-gauge shotgun found in the home in connection with another felony offense; specifically, making, selling, and delivering crack cocaine.  In accordance with his plea agreement, Movant was granted a two-level decrease for acceptance of responsibility, bringing his total offense level

to 24.[3]  The PSR calculated his criminal history at level IV, which resulted in a guidelines imprisonment range of 77 to 96 months.[4]

At the sentencing hearing, Movant and his attorney confirmed that they had reviewed the PSR with each other.  (Cr. Docket No. 47, Sentencing Tr. 11-12.)  Movant was given an opportunity to address the Court and he apologized for his actions.  (*Id.* at 12.)  Movant's attorney objected to the four-level enhancement based on "using a firearm in connection with another felony offense"; however, the Court denied the objection because the evidence showed that "[t]hey obviously were in a relationship with his drug trafficking business that was involving crack here."  (*Id.* at 14.)  His attorney also requested that the Court depart downward based on criminal history overrepresentation, but the Court denied that request as well.  (*Id.* at 14-15.)  The Court did however grant the Government's motion for an additional point reduction for acceptance of responsibility, which lowered Movant's applicable guidelines sentencing range to 70 to 87 months.  (*Id.* at 14, 16-17.)

After considering the factors under 18 U.S.C. § 3553(a), the Court sentenced Movant to 72 months imprisonment.[5]  (*Id.* at 17.)  Movant's judgment of conviction was entered on April 17, 2012.  (Cr. Docket No. 38.)  Movant did not appeal and subsequently filed the instant § 2255 action.

---

[3] Movant submitted a written statement in which he accepted responsibility for his involvement in the criminal activity.  (Cr. Docket No. 32.)

[4] The PSR found that Movant had seven criminal history points, which put him in criminal history category IV.  Movant received criminal history points for the following convictions: 1) three points for possession with intent to distribute 271 kilograms of marijuana (2000); and 2) two points for theft of property (2005).  Movant received two additional points because he was still serving a term of supervised release when he committed the instant offense.

[5] The Court also sentenced Movant to a concurrent nine-month term of imprisonment for his violations to his supervised release.  (Cr. Docket No. 47, Sentencing Tr. 17-18.)

C.     **Movant's § 2255 Motion and the Government's Response**

On July 31, 2013,[6] Movant filed his § 2255 motion to vacate, in which he asserts three main claims, all of which attack the "four point enhancement" to his base offense level. Specifically, Movant alleges the following: 1) that he received ineffective assistance of counsel when his attorney did not object to the four-level enhancement; 2) that the court erred in applying the four-level enhancement at sentencing; and 3) that the "government erroneously concluded that there was the intent of criminal conduct to be done with the shotgun."[7] (Docket No. 1, ¶ 16.)  Citing *Alleyne v. United States*, Movant also asserts that his § 2255 motion is timely because it is based on "newly discovered substantive evidence." (Docket No. 2, at 1-2.)

Because Movant's § 2255 motion to vacate appeared to "be barred by the one-year limitations provision found in 28 U.S.C. § 2255(f)," the undersigned gave Movant an opportunity "to provide any other information or legal authority regarding the timeliness of his § 2255 motion." (Docket No. 4.)  Movant failed to respond to the Court's order and has otherwise taken no other action in this case.

As noted, Respondent United States has filed a motion to dismiss. (Docket No. 8.) Respondent argues primarily that Movant's motion to vacate is barred by the limitations period and that there is no statutory tolling provision that is applicable to Movant. (*Id.* at 3-6.) Respondent also addressed the substantive issues raised by Movant, arguing essentially that they

---

[6] This is the date that Movant signed his § 2255 motion, and he asserts that he placed it in the prison mailing system on this same day. (Docket No. 1, at 5.)  As such, this is the earliest possible date that the § 2255 motion could be considered filed. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (document is deemed filed by a pro se prisoner when it is delivered to prison authorities for mailing, postage pre-paid); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of *Houston v. Lack* to pro se prisoner in § 2255 proceeding).

[7] Although Movant lists four grounds for relief in his § 2255 motion, the first two grounds allege essentially the same claim. (Docket No. 1, ¶ 16.)

are wholly without merit and "do not meet the standard for a § 2255 motion to vacate." (*Id.* at 17.)

## II. ANALYSIS

A.  **28 U.S.C. § 2255**

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the plain error standard that would apply on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Cervantes*, 132 F.3d at 1109. Stated another way, relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Subject to these constraints, there are only four limited grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the District Court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

**B.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[8]  28 U.S.C. § 2255(f).  A judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

Judgment was entered in Movant's case on April 17, 2012, and he did not file a direct appeal.  His conviction therefore became final on May 1, 2012, when the time for filing a direct appeal expired.[9]  *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) ("when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the [14]-day period for filing a direct appeal").  Absent some form of tolling, the one-year limitations period expired on May 1, 2013.  Because Movant did not file his § 2255

---

[8] Section 2255 also provides certain alternative dates upon which the limitations period may begin.  Specifically, it provides that the limitations period shall run from the latest of:
(1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[9] A defendant is now required to file a notice of appeal not later than 14 days after entry of judgment, including intermediate Saturdays, Sundays, and legal holidays (unless the last day to file the notice of appeal landed on a weekend or holiday, in which case the next day after would be used).  *See* FED. R. APP. P. 4(b)(1)(A); FED. R. APP. P. 26(a)(1).  So calculated, fourteen days after April 17, 2012, was May 1, 2012.

7

motion to vacate until July 31, 2013 (when he tendered the envelope containing his motion to the prison mail room), this action was filed three months too late.

**C.     Statutory Tolling**

    1.     <u>Newly discovered evidence</u>

The facts of this case suggest two possible bases for statutory tolling.  First, § 2255(f)(4) provides that the limitations period may begin to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Specifically, Movant explains that his primary claims were not "previously presented" because they are based on "[n]ewly discovered evidence." (Docket No. 1, ¶ 17.)

However, section 2255(f)(4) does not delay the running of the limitations period here because the factual predicate of Movant's claims was in fact known by him all along.  Movant bases his claims on his personal knowledge of what happened and on errors or omissions that occurred at sentencing.  In other words, "the facts supporting the claim or claims presented" should have been discovered prior to Movant's conviction becoming final.

    2.     <u>Alleyne v. United States</u>

Movant also argues "[t]his petition is timely as it is brought with newly discovered substantive evidence." (Docket No. 2, at 2.)  Specifically, he bases this claim on the recently decided Supreme Court case, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), arguing that "[t]he grand jury was never presented evidence to apply the four-point enhancement." (*Id.* at 3.) Accordingly, he appears to argue that his petition is timely pursuant to 28 U.S.C. § 2255(f)(3), which provides that the limitations period will run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*." 28 U.S.C. §

2255(f)(3) (emphasis added). However, *Alleyne* was decided on direct appeal and does not state that it is retroactively applicable on collateral review. 133 S. Ct. at 2156. The Fifth Circuit has since determined that *Alleyne* is not retroactively applicable on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam) (denying motion to file a second or successive § 2255 motion); *see also United States v. Olvera*, 775 F.3d 726, 729-30 (5th Cir. 2015) (*Alleyne* does not extend limitations to file a § 2255 motion pursuant to § 2255(f)(3)). In short, Movant's *Alleyne* claim is time barred.

In any event, Movant's reliance on the *Alleyne* ruling is misplaced. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne,* 133 S. Ct. at 2155. As the Fifth Circuit has explained, "the *Alleyne* opinion did not imply that the traditional fact-finding on relevant conduct, to the extent it increases the discretionary sentencing range for a district judge under the Guidelines, must now be made by jurors." *United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014) (citing *United States v. Booker,* 543 U.S. 220, 257 (2005) and *Alleyne,* 133 S. Ct. at 2169). Here, Movant was not facing a mandatory minimum sentence. Nor did the District Court engage in any impermissible judicial fact finding in imposing Movant's sentence. Rather, the Court found that the four-level enhancement to Movant's base offense level was appropriate based on "the evidence here." (Cr. Docket No. 47, Sentencing Tr. 14.)

As such, Movant's claim based on the *Alleyne* ruling is time barred and otherwise lacks merit. In sum, there is no statutory basis for tolling the AEDPA limitations period.

**D.     Equitable Tolling**

Because the one-year limitations period for § 2255 motions is not jurisdictional, there is also the possibility that it may be equitably tolled. The limitations period for § 2255 motions is

9

subject to equitable tolling "only 'in rare and exceptional circumstances.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). In order to be entitled to equitable tolling, a movant must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from timely filing his § 2255 motion. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (applying same equitable tolling standard under 28 U.S.C. § 2244(d) in habeas cases involving state prisoners). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Whether the limitations period should be equitably tolled turns on the facts and circumstances of each case. *Petty*, 530 F.3d at 364.

Here, Movant does not argue that he is entitled to equitable tolling. In fact, Movant does not even explain what efforts he undertook to prepare his § 2255 motion to vacate prior to the limitations period expiring.[10] Movant's claims are based on alleged errors or omissions that occurred at sentencing, and there is no indication that he was "actively misled by the defendant about the cause of action." *See Patterson*, 211 F.3d at 930-31.

---

[10] As noted, the undersigned gave Movant an opportunity "to provide any other information or legal authority regarding the timeliness of his § 2255 motion." (Docket No. 4.) However, Movant failed to respond to the Court's order and has otherwise taken no other action in this case.

In short, Movant's case is not the "extraordinary" or "rare" case that justifies equitable tolling. Because Movant does not qualify for equitable tolling, his § 2255 motion should be dismissed because it is time barred.[11]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion to Dismiss (Docket No. 8) be GRANTED, that Movant's § 2255 Motion to Vacate (Docket No. 1) be DENIED, and that this action be DISMISSED. For the reasons discussed below, it is further recommended that Movant be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the recently-amended § 2255 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS. Because the undersigned recommends the dismissal of Movant's § 2255 action, it

---

[11] Because Movant's § 2255 motion is untimely, it is unnecessary to address the merits of his claims. Nevertheless, it should be noted that Movant's claims would have failed for multiple reasons. To begin with, Movant's challenge to the District Court's assessment of his base offense level is not cognizable under § 2255. As the Fifth Circuit has long held, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). *See also United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.") (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion). Next, Movant's claim that his attorney should have objected to the four-level enhancement is likewise meritless. At sentencing, Movant's attorney made the very objection that he now complains of. (Cr. Docket No. 47, Sentencing Tr. 14.) In any event, the evidence showed that Movant was in fact manufacturing and selling crack cocaine, that the shotgun was his, that he sawed off the shotgun to better conceal in the home, and that he had it there for protection in connection was his illegal drug activities. (*See* Cr. Docket No. 33, ¶¶ 4-8.)

is necessary to address whether Movant is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that all of Movant's claims are barred by the statute of limitations applicable to § 2255 motions. Accordingly, Movant is not entitled to a COA.

## **NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to Movant and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.

Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 19, 2016.

_____
Peter E. Ormsby
United States Magistrate Judge